To the Class:
Shaun Setareh, Esq.
William M. Pao, Esq.
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 430
Beverly Hills, CA 90212
Telephone: 310-888-7771
Fax:  310-888-0109
Email: shaun@setarehlaw.com; william@setarehlaw.com

Stanley D. Saltzman, Esq.
MARLIN & SALTZMAN, LLP
29800 Agoura Road, Sujite 210
Agoura Hills, California 91301
(818) 991-8080

To Walmart:
Naomi G. Beer
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone:  (303) 572-6500
Fax:  (303) 572-6540
Email:  BeerN@gtlaw.com

## 21. CONFIDENTIALITY

21.1    Subject to the provisions of Section 22, the negotiations related to this Agreement (including negotiations related to the drafting of this Agreement and any negotiations prior to preliminary approval or between the time of preliminary and final approval) will remain strictly confidential and shall not be discussed with anyone other than the Settlement Class Representative and Walmart, their immediate family, their retained attorneys, their accountants and financial institutions or tax advisers, their retained consultants, and the Court, unless otherwise agreed to by Settlement Class Counsel and Walmart or unless otherwise ordered by the Court. Notwithstanding the other provisions of this Section, Walmart may disclose the Settlement in filings that it is required to make with the Securities and Exchange Commission, including 10-Q and 10-K filings, or in other disclosures to investors.

## 22. MEDIA

22.1  The Parties shall agree to language to be used in the event of inquiries from the media regarding this Settlement.  Neither the Parties nor their counsel shall contact the media regarding this Settlement.  In the event that the Parties or their counsel receive inquiries from the media regarding this Settlement, they shall refer such inquiries to the agreed statement and shall not make any other statements to the media regarding this Settlement.

## 23. DOCUMENTS AND DISCOVERY

23.1  The destruction or return of documents and discovery shall be governed by the Confidentiality Agreement that the Parties entered into by the Parties on March 20, 2019, except that Settlement Class Counsel will be entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials would otherwise be required to be destroyed under the Confidentiality Agreement.

## 24. MISCELLANEOUS PROVISIONS

24.1  Construction. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and their counsel and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or her or his counsel participated in the drafting of this Settlement.

24.2  Captions and Interpretations. Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement. Each term of this Agreement is contractual and not merely a recital.

24.3  Dates. All dates for events provided in this Agreement based on a number of  calendar days, unless the date is expressed in terms of "business days," which in the case of business days shall be calculated using the same approach as calculating days under Rule 6 of the Federal Rules of Civil Procedure.

24.4  Modification. This Agreement may not be changed, altered, or modified, except in a writing signed by Walmart and Settlement Class Counsel and will not be effective unless approved by the Court. Notwithstanding the foregoing, the Parties agree that any dates contained in this Agreement may be modified by

Exhibit E, Page 000094

agreement of Walmart and Settlement Class Counsel without Court approval except to the extent that the Court has established a specific hearing date or deadline for filing any motions required by this Settlement. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Walmart and Settlement Class Counsel.

24.5    Integration Clause. This Agreement, the Exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Lawsuit, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement. No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced (and in the case of Plaintiff or the Class, by Settlement Class Counsel).

24.6    Binding on Assigns. This Settlement shall be binding upon, and inure to the benefit of, the Releasing Settlement Class Members and Walmart and their respective heirs, trustees, executors, administrators, successors, and assigns.

24.7    Counterparts. This Agreement may be executed by facsimile signature and in any number of counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

24.8    Applicable Law. This Agreement shall be governed by California law without regard to its choice of law or conflicts of law principles or provisions.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

Exhibit E, Page 000095

**IN WITNESS WHEREOF, Plaintiff and Defendant and their respective undersigned counsel have executed this Settlement Agreement as of the date(s) indicated on the lines below.**

Dated: _____05/31/2022_____  PLAINTIFF JAMES S. EVANS

By: ___*James Evans*___

JAMES S. EVANS

Dated: _____  DEFENDANT WALMART INC.

By: _____

_____ ,

ON BEHALF OF DEFENDANT
WALMART INC.

APPROVED AS TO FORM AND CONTENT ON BEHALF OF THE NAMED PLAINTIFF AND AS A SUBSTANTIVE RECOMMENDATION TO THE COURT ON BEHALF OF THE AGGRIEVED EMPLOYEES:

Dated: _____  SETAREH LAW GROUP

By: _____

Shaun Setareh
Counsel for Plaintiff and Settlement
Class Counsel

28

Exhibit E, Page 000096

**IN WITNESS WHEREOF, Plaintiff and Defendant and their respective undersigned counsel have executed this Settlement Agreement as of the date(s) indicated on the lines below.**

Dated: _____     PLAINTIFF JAMES S. EVANS

By: _____
                    JAMES S. EVANS

Dated: June 1, 2022     DEFENDANT WALMART INC.

By: _____

_____ ,
Naomi Beer
                    ON BEHALF OF DEFENDANT
                    WALMART INC.

APPROVED AS TO FORM AND CONTENT ON BEHALF OF THE NAMED PLAINTIFF AND AS A SUBSTANTIVE RECOMMENDATION TO THE COURT ON BEHALF OF THE AGGRIEVED EMPLOYEES:

Dated: _____     SETAREH LAW GROUP

By: _____
                    Shaun Setareh
                    Counsel for Plaintiff and Settlement
                    Class Counsel

Exhibit E, Page 000097

**IN WITNESS WHEREOF, Plaintiff and Defendant and their respective undersigned counsel have executed this Settlement Agreement as of the date(s) indicated on the lines below.**

Dated: _____  PLAINTIFF JAMES S. EVANS

By: _____
                JAMES S. EVANS

Dated: June 1, 2022  DEFENDANT WALMART INC.

By: _____
   Naomi Beer

_____ ,
ON BEHALF OF DEFENDANT
WALMART INC.

*signed with me approval of Walmart NB*

APPROVED AS TO FORM AND CONTENT ON BEHALF OF THE NAMED PLAINTIFF AND AS A SUBSTANTIVE RECOMMENDATION TO THE COURT ON BEHALF OF THE AGGRIEVED EMPLOYEES:

Dated: _____  SETAREH LAW GROUP

By: _____
           Shaun Setareh
   Counsel for Plaintiff and Settlement
            Class Counsel

Exhibit E, Page 000098

Dated: __October 13, 2022__

MARLIN & SALTZMAN, LLP

By: _____

Stan Saltzman
Counsel for Plaintiff and Settlement
Class Counsel

APPROVED AS TO FORM AND CONTENT

Dated: _____

GREENBERG TRAURIG, LLP

By: _____

Naomi Beer
Counsel for Defendant
Walmart Inc.

# EXHIBIT A

P.O. Box 7208
Orange, CA 92863

**Return Service Requested**

COURT APPROVED
SETTLEMENT NOTICE
Evans v. Wal-Mart Stores, Inc., et al.
United States District Court for the
Central District of California
Class Action

<USPSBARCODE>

<PSA ID>                                    <TRAYID>
<Name>
<Address>
<CITYSTATEZIP>

Exhibit E, Page 000101

*A federal court authorized this Notice. This is not a solicitation from a lawyer. This Notice is a summary. The full Notice can be found online at https://www.evanswalmartwageandhour.com/.*

**Summary of the Settlement.** A Settlement has been reached in a class action lawsuit filed against Wal-Mart Stores, Inc. ("Wal-Mart") for violations of the California Labor Code section 226 and for civil penalties under the Labor Code Private Attorneys' General Act of 2003 (Lab. Code §§ 2698 *et seq*.) The lawsuit alleges, among other things, that Wal-Mart failed to provide wage statements in the form of a detachable part of a paper check. Wal-Mart denies the allegations in the lawsuit and any liability. However, the parties have decided to settle the case to avoid the risks and costs of litigation. The Court has preliminarily approved a **$35,000,000** Gross Settlement Amount (which includes all payments under the Settlement, including settlement administration costs, Settlement Class Counsel's court-approved attorneys' fees and costs, and a court-approved service payment to the Class Representative). As part of the Settlement, each Settlement Class Member who does not opt out of the Settlement will receive a payment and will be releasing all Released Claims.

**Am I a Class Member?** You are part of this Settlement as a Settlement Class Member if, from September 13, 2016 through June 30, 2022 you worked as an hourly associate at a Walmart store, supercenter or neighborhood market in California. If you were sent this Notice, it is because Walmart's records indicate you are a Settlement Class Member. In all cases, the question of membership in the Settlement Class will be determined based on Walmart's records.

**Who Represents Me?** The Court has appointed Shaun Setareh and William M. Pao of the Setareh Law Group as Settlement Class Counsel to represent the interests of you and other Settlement Class Members.

**What Should I do?** You should get more information from the Settlement Administrator by calling the phone number provided or by visiting the website provided and make a decision about what your legal rights are. As a Settlement Class Member, you have three options: (1) Do nothing. Each Settlement Class member will receive a share of the Net Settlement Amount unless they exclude themselves from the class by timely submitting an Opt-Out Request. If you do not exclude yourself from the Settlement and do not object to the Settlement, then you are not required to take any action. You may wait until the Court grants the final approval of the Settlement at the Final Approval Hearing, and you will be mailed your settlement check thereafter. (2) You can submit an Opt-Out Request and be excluded from the Settlement. If you choose to be excluded from the Settlement, you will not receive any Settlement payment and you will keep any rights you may have to sue Walmart over the legal issues involved in this lawsuit. Your Opt-Out Request must say that you wish to be excluded from the Settlement class in James Evans v. Walmart (or similar language), be postmarked on or before **October 13, 2022** and sent to the Settlement Administrator at P.O. Box 7208, Orange, CA 92863. (3) You may object to the proposed Settlement. To do so, you may submit a written objection to the Settlement Administrator at P.O. Box 7208, Orange, CA 92863 or to the Court. All objections must be postmarked on or before **October 13, 2022**. Even if you submit an objection, you will be bound by the terms of the Settlement unless the Settlement is not finally approved by the Court.

**When will the Court Consider The Proposed Settlement?** The Court will conduct a final fairness hearing on whether to approve the Settlement on December 2, 2022 at the United States District Court for the Central District of California, Courtroom 7B, at 350 West First Street, Los Angeles, California 90012.

Exhibit E, Page 000102

**How Do Get More Information?** For more information please contact the Settlement Administrator at (888) 510-9728 or write to P.O. Box 7208, Orange, CA 92863 or visit https://www.evanswalmartwageandhour.com/.
Para ver este documento en español, visite: https://www.evanswalmartwageandhour.com/

Phoenix Settlement Administrators
P.O. Box 7208
Orange, CA 92863

**Return Service Requested/
Servicio de devolución solicitado**

AVISO DE ACUERDO APROBADO
POR EL TRIBUNAL
Evans contra Wal-Mart Stores, Inc. y otros.
Tribunal de Distrito de los Estados Unidos
para el Distrito Central de California
Acción de clase

<USPSBARCODE>

<PSA ID>                              <TRAYID>
<Name>
<Address>
<CITYSTATEZIP>

Exhibit E, Page 000103

*Un tribunal federal autorizó este Aviso. No es una solicitud de un abogado. Este Aviso es un resumen. El Aviso N completo se puede encontrar en línea en http://www.evanswalmartwageandhour.com/.*

**Resumen del Acuerdo.** Se ha llegado a un Acuerdo en una demanda colectiva presentada contra Wal-Mart Stores, Inc. ("Wal-Mart") por violaciones del artículo 226

Case 5:21-cv-00164-FLA-SHK Document 46-9 Filed 10/28/22 Page 12 of 26 Page ID #:5456

La demanda alega, entre otras cosas, que Wal-Mart no proporcionó declaraciones de salarios en forma de una parte desprendible de un cheque en papel. Wal-Mart niega las alegaciones de la demanda y cualquier responsabilidad. Sin embargo, las partes han decidido llegar a un acuerdo en el caso para evitar los riesgos y los costes del litigio. El tribunal ha aprobado de forma preliminar un importe bruto del acuerdo de 35.000.000 de dólares (que incluye todos los pagos del acuerdo, incluidos los costes de administración del acuerdo, los honorarios y costes de los abogados del grupo del acuerdo aprobados por el tribunal y un pago por servicios aprobado por el tribunal al representante del grupo). Como parte del Acuerdo, cada miembro del grupo de demandantes que no opte por no participar en el Acuerdo recibirá un pago y liberará todas las reclamaciones liberadas.

**¿Soy un Miembro de la Clase?** Usted es parte de este Acuerdo como Miembro de la Clase del Acuerdo si, desde el 13 de septiembre de 2016 hasta el 30 de junio de 2022 trabajó como asociado por hora en una tienda Wal-mart, supercentro o mercado de barrio en California. Si se le envió este Aviso, es porque los registros de Wal-mart indican que usted es un Miembro de la Clase del Acuerdo. En todos los casos, la cuestión de la pertenencia a la Clase del Acuerdo se determinará en base a los registros de Wal-mart.

**¿Quién me representa?** El Tribunal ha designado a Shaun Setareh y William M. Pao del Setareh Law Group como Abogados del Grupo del Acuerdo para que representen los intereses de usted y de otros Miembros del Grupo del Acuerdo.

**¿Qué debo hacer?** Debe obtener más información del Administrador del Acuerdo llamando al número de teléfono proporcionado o visitando el sitio web proporcionado y tomar una decisión sobre cuáles son sus derechos legales. Como miembro del grupo de demandantes, tiene tres opciones: (1) No hacer nada. Cada miembro del grupo de demandantes recibirá una parte del importe neto del acuerdo a menos que se excluya del grupo presentando a tiempo una solicitud de exclusión. Si no se excluye del Acuerdo y no se opone al Acuerdo, no está obligado a realizar ninguna acción. Puede esperar hasta que el Tribunal conceda la aprobación definitiva del Acuerdo en la Audiencia de Aprobación Definitiva, y posteriormente se le enviará por correo su cheque del acuerdo. (2) Puede presentar una Solicitud de Exclusión y ser excluido del Acuerdo. Si opta por ser excluido del Acuerdo, no recibirá ningún pago del Acuerdo y mantendrá cualquier derecho que pueda tener para demandar a Walmart por las cuestiones legales involucradas en esta demanda. Su solicitud de exclusión debe decir que desea ser excluido de la clase del Acuerdo en el caso James Evans contra Walmart (o un lenguaje similar), debe tener un matasellos con fecha anterior a **13 de octubre de 2022** y debe ser enviada al Administrador del Acuerdo el P.O. Box 7208, Orange, CA 92863. (3) Puede objetar el Acuerdo propuesto. Para ello, puede presentar una objeción por escrito al Administrador del Acuerdo en P.O. Box 7208, Orange, CA 92863 o al Tribunal. Todas las objeciones deben llevar matasellos de correos en o antes de **13 de octubre de 2022**. Incluso si presenta una objeción, quedará obligado por los términos del Acuerdo, a menos que éste no sea aprobado definitivamente por el Tribunal.

**¿Cuándo considerará el Tribunal el Acuerdo propuesto?** El Tribunal llevará a cabo una audiencia de equidad final sobre la aprobación del Acuerdo en 2 de diciembre de 2022 en el Tribunal de Distrito de los Estados Unidos para el Distrito Central de California, Sala 7B, 350 West First Street, Los Angeles, California 90012.

**¿Cómo obtener más información?** Para obtener más información, póngase en contacto con el administrador de la liquidación en (888) 510-9728 o escriba a P.O. Box 7208, Orange, CA 92863 o visite http://www. evanswalmartwageandhour.com.

Exhibit E, Page 000104

# EXHIBIT B

Exhibit E, Page 000105

---

**NOTICE OF CLASS ACTION SETTLEMENT**

---

**In the Matter of**
*James S. Evans v. Wal-Mart Stores, Inc., et al.*
**United States District Court for the Central District of California, Case No. 2:17-cv-07641-AB-KK**

*A court authorized this notice. This is not a solicitation.*
*This is not a lawsuit against you, and you are not being sued.*
*However, your legal rights are affected whether you act or don't act.*

**IMPORTANT: YOU MAY BE ENTITLED TO MONEY IF THE COURT APPROVES
THE SETTLEMENT DESCRIBED IN THIS NOTICE**

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
YOUR RIGHTS AND OPTIONS FOR YOU TO CONSIDER**

Pursuant to the order of the Court, **YOU ARE HEREBY NOTIFIED AS FOLLOWS**: A settlement has been reached between the parties in a lawsuit pending in the United States District Court for the Central District on behalf of a Settlement Class consisting of: All Walmart associates who worked in a non-exempt position at a Walmart store, supercenter or neighborhood market in California at any time during the period beginning September 16, 2016 through June 30, 2022 (the "Settlement Class Period").

You have received this notice because Walmart's records indicate that you worked as an associate in a non-exempt position at a Walmart store, supercenter or neighborhood market in California during the Settlement Class Period. This notice is to advise you of how you can participate in this Settlement or how to be excluded from the Settlement.

**PLEASE READ THIS NOTICE CAREFULLY**

## I.    WHAT IS THE PURPOSE OF THIS NOTICE?

This Notice is to let you know that there is a class action pending in the United States District Court for the Central District of California, that you may be a member of the Settlement Class for the lawsuit, AND THAT YOU MAY BE ENTITLED TO A PAYMENT AS PART OF THE CLASS SETTLEMENT OF THIS LAWSUIT.

This Notice advises you of the benefits that may be available to you under the proposed Settlement and your rights and options as a potential Settlement Class Member and notifies you that court hearings will be held to approve the Settlement.

## II.    WHAT IS THE LAWSUIT ABOUT?

On September 13, 2017, Plaintiff James S. Evans, on behalf of himself and on behalf of all others similarly situated, filed a class action Complaint, and subsequently a First Amended Complaint, entitled "*James S. Evans v. Wal-Mart Stores, Inc.*" Case No. 2:17-cv-07641-AB-KK (U.S.D.C. Central District of California) (the "Lawsuit"). This Lawsuit alleged various claims including, among others, claims for Failure to Provide Accurate Written Wage Statements (Labor Code section 226. The Court certified certain of these claims, including the claim for the alleged Failure to Provide Accurate Written Wage Statements under Section 226, as a class which means that one person (in this case the Settlement Class Representative James Evans) can proceed on behalf people who have similar claims. Walmart denies the allegations in the Lawsuit, denies all liability and contends that Plaintiff's claims do not have merit and do not meet the requirements for class certification.

After many years of litigation, the Plaintiff and Walmart entered into a written Settlement Agreement, that resolves the class-wide Section 226 wage statement claims on behalf of the persons in the Settlement Class.

Considering the risks, uncertainties, inconvenience, and expense associated with this Lawsuit, the parties have concluded that it is in the best interests of the parties and the Settlement Class Members to settle the Lawsuit on the terms summarized in this Notice.

Counsel for the Plaintiff has determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Settlement Class, subject to a final fairness hearing discussed below. The Settlement is not an admission of liability on the part of Walmart. The Court has not ruled on the merits of Plaintiff's claims or Walmart's defenses.

Walmart will not fire, punish, retaliate, or otherwise discriminate against any employee because he or she chooses to participate in this settlement, chooses not to participate, or objects to the settlement.

Exhibit E, Page 000106

## III.    WHERE DO I GET ADDITIONAL INFORMATION?

The information contained in this Notice is only a summary of the litigation and the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you should consult the detailed Settlement Agreement and Preliminary Approval Order thereon, which are available at the Settlement Administrator's website at http://www.evanswalmartwageandhour.com/ and are also on file with the Office of the Clerk of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012. The pleadings and other records in this litigation, may also be examined during regular business hours at the same location.

## IV.    WHY DID I GET THIS NOTICE?

You received this Notice because Walmart's records identify you as a member of the Settlement Class.

## V.    WHO ARE THE PARTIES IN THIS CLASS ACTION?

The Plaintiff is James S. Evans ("Settlement Class Representative"), who used to work as a non-exempt associate at Walmart in California. The Settlement Class Representative is pursuing the Lawsuit on behalf of all other similarly situated non-exempt associates who worked at a Walmart store, supercenter or neighborhood market in California. The Defendant is Wal-Mart Stores, Inc., now known as Walmart Inc.

## VI.    WHO ARE THE ATTORNEYS FOR THE PARTIES?

**Attorneys for Plaintiff**

Shaun Setareh (SBN 204514)
William M. Pao (SBN 219846)
SETAREH LAW GROUP
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Stanley D. Saltzman (SBN 90058)
MARLIN & SALTZMAN LLP
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone (818) 991-8080
Facsimile (818) 991-8081

**Attorneys for Defendants**

Timothy J. Long (SBN 137591))
Robert J. Herrington (SBN 234417)
Ryan C. Bykerk (SBN 274534)
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone (310) 586-7700
Facsimile (310) 586-7800

Naomi G. Beer (*pro hac vice*)
GREENBERG TRAURIG LLP
1144 Fifteenth Street, Suite 3300
Denver, Colorado 80202
Telephone (303) 572-6500
Facsimile (303) 572-6540

## VII.    HOW MUCH ARE THE PLAINTIFF'S ATTORNEYS BEING PAID?

The attorneys for the Class will seek attorneys' fees in the amount of $11,666,666.66, Plaintiff's reasonable and actual costs incurred in this Lawsuit, not to exceed **$250,000.00**, and the cost of administering the Settlement, estimated not to exceed **$550,000.00**.

## VIII.    WHAT IS THE PROPOSED SETTLEMENT?

The Parties have agreed to the Settlement of claims under Section 226 of the California Labor Code on behalf of members of the Settlement Class as generally described below:

> Without admitting any wrongdoing, Walmart agreed to pay **$35,000,000.00** (the "Class Settlement Amount") to resolve the Lawsuit, which amount will be fully funded by Walmart and includes: (i) Net Settlement Amount (constituting payments to the Settlement Class Members who do not opt out); (ii) reasonable settlement Notice and Administration Costs not to exceed **$550,000.00** to be approved by the court; (iii) payment of Attorneys' Fees not to exceed **$11,666,666.66** and reasonable Litigation Expenses not to exceed **$250,000.00**, each to be approved by the Court; (iv) the PAGA Payment of **$375,000.00** (75% of the **$500,000.00** total amount allocated to PAGA penalties) to the California Labor & Workforce Development Agency, to be approved by the Court; and (v) an enhancement to the Settlement Class Representative in an amount not to exceed **$20,000.00**, to be approved by the Court.

The Net Settlement Amount (subpart (i) above) shall be the amount remaining after deduction of the amounts approved by the Court for Notice and Administration Costs, Attorneys' Fees and Litigation Expenses, the PAGA Payment and the Settlement Class Representative Payment (as set forth in subparts (ii) – (v) above). After the deduction of these amounts, the Net Settlement Amount is estimated to be approximately $22,100,000.

2

Exhibit E, Page 000107

The foregoing and following is a summary of the Settlement provisions. The specific and complete terms of the proposed settlement are stated in the Settlement Agreement, a copy of which is available at the Settlement Administrator's website at http://www.evanswalmartwageandhour.com/ and has also been filed with the Clerk of the Court.

**Individual Settlement Payments to Settlement Class Members**. Each member of the Settlement Class who does not opt out of the Settlement as described in Section XI, below, will receive an Individual Settlement Award from the Net Settlement Amount. **The amount of your Individual Settlement Award will depend upon the number of pay period during which you worked at Walmart. The average Settlement Payment is anticipated to be $83.67. This is just an estimate of the average payment to Settlement Class Members.** Your payment could be higher or lower depending on various factors including the number of Settlement Class Members who choose to opt out and the number of pay periods you worked at Walmart. In addition, Settlement Class Members who received all of their wage statements as a detachable part of a paper check will receive a proportionally lower payment than Settlement Class Members who received some or all of their wage statements in electronic format.

The calculation of Individual Settlement Awards is based on data provided by Walmart. Walmart's records will be determinative with respect to the number of pay periods Settlement Class Members worked.

Payments will be made to Settlement Class Members pursuant to the Court-approved plan of distribution as described in the Settlement, based on the number of Applicable Pay Periods worked by each Settlement Class Member during the Settlement Class Period. Once the settlement checks are mailed, Settlement Class Members will have 90 days to cash their settlement checks. Any checks which remain uncashed after that date shall be transferred to the California State Controller's Office — Unclaimed Property Division. None of the Parties or attorneys make any representations concerning the tax consequences of this Settlement or your participation in it. Settlement Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member.

## IX.    **RELEASE OF CLAIMS.**

"Released Parties" means Defendants and all of their respective present and former parent companies, subsidiaries, divisions, concepts, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be liable for any of the Released Claims and Defendants' counsel of record in the Action.

As of the Settlement Effective Date, all **Settlement Class Members** who have not validly exercised their right to exclude themselves will be deemed to have waived and released claims against the Release Parties as follows:

Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members do hereby irrevocably release, acquit, and forever discharge all of the Releasees of and from any and all actual or potential claims, rights, demands, charges, complaints, causes of action, obligations, damages, penalties, debts, costs and expenses (other than those payments, costs, and expenses required to be paid pursuant to this Agreement), liens, or liabilities of any and every kind, that reasonably arise out of the same set of operative facts plead in the Complaint or First Amended Complaint in the Lawsuit, or that are reasonably related to the allegations in the Complaint or First Amended Complaint in the Lawsuit, with respect to claims that Walmart violated Section 226 of the Labor Code, whether known or unknown, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local and whether for damages, wages, penalties or injunctive or any other kind of relief ("the Released Claims").

## X.    **WHEN IS THE FINAL FAIRNESS HEARING?**

A final hearing will be held before the Honorable André Birotte Jr. on December 2, 2022, at 10:00 a.m., to determine whether the proposed Settlement is fair, reasonable and adequate and should be finally approved by the Court. The hearing will take place in Courtroom 3 of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012. **You are not required to attend the hearing in order to participate in the Settlement.** If the Court finally approves the Settlement as fair, reasonable and adequate, this Final Judgment will be posted on the Settlement Administrator's website at http://www.evanswalmartwageandhour.com/.

## XI.   **WHAT ARE MY RIGHTS WITH REGARD TO THIS MATTER?**

If you fit the description of a Settlement Class Member as set forth in this Notice, you have three options. Each option has its own consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to select each option, follow.

### A.   Option One: Do Nothing, Release Your Claims as Stated Above and Receive an Individual Settlement Award.

Settlement Class Counsel, appointed and approved by the Court for Settlement purposes only, will represent your interests. You will receive a settlement payment from the Net Settlement Amount after the settlement has been finally approved by the Court. The judgment will bind all Settlement Class Members who do not request exclusion (Option Two below). Any Settlement Class Member who does not request exclusion may, if the Settlement Class Member so desires, enter an appearance through his or her own lawyer.

### B.   Option Two:  You Can Exclude Yourself from the Settlement.

If you do not wish to participate in or be bound by the Settlement, you must submit a written statement requesting to be excluded from the Settlement Class postmarked no later than **October 13, 2022** ("Request for Exclusion"). Such a written Request for Exclusion must contain your name, address, and telephone number and the location(s) and dates of your employment by Walmart and must be sent by mail to the Settlement Administrator, Phoenix Settlement Administrators, at the address listed at the bottom of this Notice.

If you request exclusion, you will not receive any money from the Net Settlement Amount, nor will you be considered to have released your claims alleged in this Lawsuit.

If you request exclusion from the Settlement, you may not pursue any recovery under the Settlement. You may, however, pursue other remedies separate and apart from the Settlement that may be available to you.

### C.   Option Three:  You May Object to the Settlement.

If you are a Settlement Class Member, and you do not exclude yourself from the Settlement Class, you may object to the Settlement before final approval of the Settlement by the Court. If you choose to object to the Settlement, you may enter an appearance *in propria persona* (meaning you choose to represent yourself), or through an attorney that you hire and pay for yourself.

In order to object to the Settlement, or any portion of it, you must submit any such written objection postmarked no later than **October 13, 2022**. Settlement Class Members who wish to object to the Settlement must send to the Settlement Administrator or the Court a written statement objecting to the Settlement. Such objection must: (i) indicate whether the objecting Class Member intends to appear at the Final Fairness Hearing; (ii) state the basis for the objection; and (iii) include copies of all papers and briefs being submitted to the Court regarding the Final Fairness Hearing.

## XII.   **WHO CAN I CONTACT IF I HAVE FURTHER QUESTIONS?**

The court-appointed Administrator for this Settlement is as follows:

*James S. Evans v. Wal-Mart Stores, Inc.* Class Settlement
Phoenix Settlement Administrators
P.O. Box 7208
Orange, CA 92863

If you have questions, you may call the Settlement Administrator, toll free at (888) 510-9728. Ask about the *James S. Evans v. Wal-Mart Stores, Inc.* Class Settlement. You may also call or e-mail the attorneys for Plaintiff or Defendant listed in Section VI above. **PLEASE DO NOT CALL THE COURT OR WALMART**.

Exhibit E, Page 000109

---

### AVISO DE ACUERDO DE DEMANDA COLECTIVA

---

**En el asunto de**
*James S. Evans v. Wal-Mart Stores, Inc., et al.*
**Tribunal de Distrito de los Estados Unidos para el Distrito Central de California, Caso Nº 2:17-cv-07641-AB-KK**

*Un tribunal autorizó este aviso. Esto no es una solicitud.*
*No se trata de una demanda contra usted y no se le está demandando.*
*Sin embargo, sus derechos legales se ven afectados tanto si actúa como si no lo hace.*

### IMPORTANTE: USTED PUEDE TENER DERECHO A RECIBIR DINERO SI EL TRIBUNAL APRUEBA EL ACUERDO DESCRITO EN ESTE AVISO

### AVISO DE PENDENCIA DE LA ACCIÓN COLECTIVA, PROPUESTA DE ACUERDO, SUS DERECHOS Y OPCIONES PARA QUE LOS CONSIDERE

De conformidad con la orden del Tribunal, **SE LE NOTIFICA POR LA PRESENTE LO SIGUIENTE**: Se ha llegado a un acuerdo entre las partes en una demanda pendiente en el Tribunal de Distrito de los Estados Unidos para el Distrito Central en nombre de una Clase del Acuerdo que consiste en: Todos los asociados de Walmart que trabajaron en un puesto no exento en una tienda, supercentro o mercado de barrio de Walmart en California en cualquier momento durante el período que comenzó el 16 de septiembre de 2016 hasta el 30 de junio de 2022 (el "Período de la Clase del Acuerdo").

Usted ha recibido este aviso porque los registros de Walmart indican que trabajó como asociado en un puesto no exento en una tienda Walmart, supercentro o mercado de barrio en California durante el Período de la Clase del Acuerdo. Este aviso es para informarle sobre cómo puede participar en este Acuerdo o cómo ser excluido del mismo.

### LEA ATENTAMENTE ESTE AVISO

## I.     ¿CUÁL ES EL OBJETIVO DE ESTE AVISO?

Este aviso es para informarle de que hay una acción colectiva pendiente en el Tribunal de Distrito de los Estados Unidos para el Distrito Central de California, que usted puede ser un miembro de la Clase del Acuerdo para la demanda, y que puede tener derecho a un pago como parte de la solución de la clase de este pleito.

Este Aviso le informa de los beneficios que pueden estar a su disposición en virtud del Acuerdo propuesto y de sus derechos y opciones como posible Miembro del Grupo del Acuerdo y le notifica que se celebrarán audiencias judiciales para aprobar el Acuerdo.

## II.     ¿DE QUÉ TRATA LA DEMANDA?

El 13 de septiembre de 2017, el demandante James S. Evans, en su nombre y en el de todos los demás en situación similar, presentó una demanda colectiva, y posteriormente una primera demanda modificada, titulada "*James S. Evans v. Wal-Mart Stores, Inc. "*, Caso Nº 2:17-cv-07641-AB-KK (U.S.D.C. Distrito Central de California) (la "Demanda"). Esta Demanda alegó varias reclamaciones, incluyendo, entre otras, reclamaciones por No proporcionar declaraciones salariales escritas precisas (Código Laboral sección 226. El Tribunal certificó algunas de estas reclamaciones, incluida la reclamación por el supuesto Incumplimiento de la obligación de proporcionar declaraciones salariales escritas precisas en virtud del artículo 226, como una clase, lo que significa que una persona (en este caso el Representante del Grupo del Acuerdo, James Evans) puede proceder en nombre de las personas que tienen reclamaciones similares. Walmart niega las alegaciones de la Demanda, niega toda responsabilidad y sostiene que las reclamaciones del Demandante no tienen mérito y no cumplen los requisitos para la certificación de la clase.

Después de muchos años de litigio, el demandante y Walmart celebraron un Acuerdo de Conciliación por escrito, que resuelve las reclamaciones de la declaración salarial de la Sección 226 en nombre de las personas de la Clase del Acuerdo.

Considerando los riesgos, las incertidumbres, los inconvenientes y los gastos asociados a esta Demanda, las partes han llegado a la conclusión de que es en el mejor interés de las partes y de los Miembros de la Clase del Acuerdo resolver la Demanda en los términos resumidos en esta Notificación.

El abogado del demandante ha determinado que el Acuerdo es justo, razonable y adecuado y que es lo mejor para los miembros del Grupo del Acuerdo, sujeto a una audiencia final de equidad que se discute más adelante. El Acuerdo no es una admisión de responsabilidad por parte de Walmart. El Tribunal no se ha pronunciado sobre el fondo de las reclamaciones del Demandante ni sobre las defensas de Walmart.

Exhibit E, Page 000110

Walmart no despedirá, castigará, tomará represalias o discriminará de cualquier otra forma a ningún empleado porque decida participar en este acuerdo, decida no participar o se oponga al acuerdo.

## III. ¿DÓNDE PUEDO OBTENER INFORMACIÓN ADICIONAL?

La información contenida en este Aviso es sólo un resumen del litigio y de los términos básicos del Acuerdo. Para conocer los términos y condiciones precisos del Acuerdo, debe consultar el Acuerdo detallado y la Orden de Aprobación Preliminar del mismo, que están disponibles en el sitio web del Administrador del Acuerdo en http://www.evanswalmartwageandhour.com/ y también están archivados en la Oficina del Secretario del Tribunal de Distrito de los Estados Unidos para el Distrito Central de California, 350 West First Street, Los Ángeles, California 90012. Los alegatos y otros expedientes de este litigio, también pueden ser examinados durante el horario de trabajo habitual en el mismo lugar.

## IV. ¿POR QUÉ HE RECIBIDO ESTE AVISO?

Usted recibió este Aviso porque los registros de Walmart lo identifican como miembro del Grupo del Acuerdo.

## V. ¿QUIÉNES SON LAS PARTES DE ESTA DEMANDA COLECTIVA?

El demandante es James S. Evans ("Representante de la Clase del Acuerdo"), quien trabajaba como asociado no exento en Walmart en California. El Representante de la Clase del Acuerdo está llevando a cabo la Demanda en nombre de todos los demás asociados no exentos en situación similar que trabajaron en una tienda Walmart, un supercentro o un mercado de barrio en California. El demandado es Wal-Mart Stores, Inc., ahora conocido como Walmart Inc.

## VI. ¿QUIÉNES SON LOS ABOGADOS DE LAS PARTES?

**Abogados del demandante**

Shaun Setareh (SBN 204514)
William M. Pao (SBN 219846)
SETAREH LAW GROUP
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212
Teléfono (310) 888-7771
Facsímil (310) 888-0109

Stanley D. Saltzman (SBN 90058)
MARLIN & SALTZMAN LLP
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Teléfono (818) 991-8080
Facsímil (818) 991-8081

**Abogados de los demandados**

Timothy J. Long (SBN 137591))
Robert J. Herrington (SBN 234417)
Ryan C. Bykerk (SBN 274534)
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Ángeles, California 90067-2121
Teléfono (310) 586-7700
Facsímil (310) 586-7800

Naomi G. Beer (*pro hac vice*)
GREENBERG TRAURIG LLP
1144 de la calle Quince, Suite 3300
Denver, Colorado 80202
Teléfono (303) 572-6500
Facsímil (303) 572-6540

## VII. ¿CUÁNTO SE PAGA A LOS ABOGADOS DEL DEMANDANTE?

Los abogados del Grupo solicitarán los honorarios de los abogados por un importe de 11.666.666,66 dólares, los costes razonables y reales del Demandante incurridos en esta Demanda, que no superarán los **250.000 dólares**, y el coste de la administración del Acuerdo, que se estima que no superará los **550.000 dólares**.

## VIII. ¿QUÉ ES EL ACUERDO PROPUESTO?

Las Partes han acordado el Acuerdo de las reclamaciones bajo la Sección 226 del Código Laboral de California en nombre de los miembros de la Clase del Acuerdo como se describe generalmente a continuación:

Sin admitir ninguna infracción, Walmart aceptó pagar **35.000.000,00 dólares** (el "Monto del Acuerdo de la Clase") para resolver la Demanda, monto que será financiado en su totalidad por Walmart y que incluye (i) el Monto neto del Acuerdo (que constituye los pagos a los Miembros del Grupo del Acuerdo que no se excluyan); (ii) los Costos razonables de Notificación y Administración del Acuerdo que no excederán de **$550,000.00 que serán aprobados** por el tribunal; (iii) el pago de los Honorarios de los Abogados que no excederán de **$11,666,666.66** y los Gastos razonables del Litigio que no excederán de **$250,000.00**, cada uno de los cuales deberá ser aprobado por el tribunal; (iv) el pago de PAGA de **$375,000.00** (75% de la cantidad total de **$500,000.00** asignada a las sanciones de PAGA) a la Agencia de Desarrollo Laboral y de la Fuerza de Trabajo de California, que deberá ser aprobado por el tribunal; y (v) un aumento para el Representante de la Clase del Acuerdo en una cantidad que no exceda los **$20,000.00**, que deberá ser aprobado por el tribunal.

2

Exhibit E, Page 000111

El Importe Neto del Acuerdo (subapartado (i) anterior) será la cantidad restante tras la deducción de las cantidades aprobadas por el Tribunal en concepto de Costes de Notificación y Administración, Honorarios de los Abogados y Gastos del Litigio, el Pago PAGA y el Pago del Representante del Grupo del Acuerdo (según lo establecido en los subapartados (ii) - (v) anteriores). Tras la deducción de estos importes, el Importe Neto del Acuerdo se estima en aproximadamente 22.100.000 dólares.

Lo anterior y lo siguiente es un resumen de las disposiciones del Acuerdo. Los términos específicos y completos del acuerdo propuesto se encuentran en el Acuerdo de Conciliación, una copia del cual está disponible en el sitio web del Administrador del Acuerdo en http://www.evanswalmartwageandhour.com/ y también se ha presentado ante el Secretario del Tribunal.

**Pagos individuales del Acuerdo a los miembros de la Clase del Acuerdo**. Cada miembro de la Clase del Acuerdo que no opte por no participar en el Acuerdo (como se describe en la Sección XI, a continuación, recibirá una Adjudicación Individual del Acuerdo a partir del Monto Neto del Acuerdo. **El importe de su Adjudicación Individual del Acuerdo dependerá del número de períodos de pago durante los cuales haya trabajado en Walmart. Se anticipa que el promedio de la Adjudicación del Acuerdo será de $83.67. Esto es sólo una estimación del pago promedio a los Miembros de la Clase del Acuerdo.** Su pago podría ser mayor o menor dependiendo de varios factores, incluyendo el número de Miembros de la Clase del Acuerdo que decidan optar por no participar y el número de períodos de pago que usted trabajó en Walmart. Además, los Miembros de la Clase del Acuerdo que recibieron todas sus declaraciones de salarios como parte desprendible de un cheque en papel recibirán un pago proporcionalmente menor que los Miembros de la Clase del Acuerdo que recibieron algunas o todas sus declaraciones de salarios en formato electrónico.

El cálculo de las Adjudicaciones Individuales del Acuerdo se basa en los datos proporcionados por Walmart. Los registros de Walmart serán determinantes con respecto al número de períodos de pago que trabajaron los Miembros de la Clase del Acuerdo.

Los pagos se harán a los Miembros de la Clase del Acuerdo de conformidad con el plan de distribución aprobado por el Tribunal, tal como se describe en el Acuerdo, sobre la base del número de Períodos de Pago Aplicables trabajados por cada Miembro de la Clase del Acuerdo durante el Período de la Clase del Acuerdo. Una vez que se envíen los cheques del acuerdo, los Miembros de la Clase del Acuerdo tendrán 90 días para cobrar sus cheques del acuerdo. Cualquier cheque que permanezca sin cobrar después de esa fecha será transferido a la Oficina del Contralor del Estado de California - División de Propiedad No Reclamada. Ninguna de las Partes ni los abogados hacen declaraciones sobre las consecuencias fiscales de este Acuerdo o de su participación en él. Los Miembros de la Clase del Acuerdo deben consultar con sus propios asesores fiscales sobre las consecuencias fiscales del Acuerdo. Los Abogados del Grupo no pueden ofrecer asesoramiento sobre las consecuencias fiscales estatales o federales de los pagos a cualquier Miembro del Grupo.

## IX.   LIBERACIÓN DE RECLAMACIONES.

"Partes Exoneradas" significa los Demandados y todas sus respectivas empresas matrices, subsidiarias, divisiones, conceptos, empresas relacionadas o afiliadas, accionistas, funcionarios, directores, empleados, agentes, abogados, aseguradores, sucesores y cesionarios, y cualquier individuo o entidad que pudiera ser responsable de cualquiera de las Reclamaciones Exoneradas y los abogados de los Demandados registrados en la Acción.

A partir de la Fecha de Entrada en Vigor del Acuerdo, se considerará que todos los **Miembros de la Clase del Acuerdo** que no hayan ejercido válidamente su derecho a excluirse han renunciado y liberado las reclamaciones contra las Partes del Descargo de la siguiente manera:

Sujeto a la aprobación final del Acuerdo por parte del Tribunal, y por la buena y valiosa consideración aquí expuesta, cuya recepción y suficiencia se reconocen por la presente, todos los Miembros del Grupo del Acuerdo que se liberan por la presente liberan, absuelven y eximen para siempre a todos los Exonerados de todas y cada una de las reclamaciones, derechos, demandas, cargos, reclamaciones, causas de acción, obligaciones, daños y perjuicios, sanciones, deudas, costes y gastos (distintos de los pagos, costes y gastos que deben pagarse en virtud de este Acuerdo), gravámenes o responsabilidades de cualquier tipo, que surjan razonablemente del mismo conjunto de hechos operativos alegados en la Demanda o en la Primera Demanda Enmendada en el Juicio, o que estén razonablemente relacionados con las alegaciones de la Demanda o de la Primera Demanda Enmendada en el Juicio, con respecto a las reclamaciones de que Walmart violó la Sección 226 del Código Laboral, ya sean conocidas o desconocidas, si dichas alegaciones se basaron o pudieron basarse en el derecho consuetudinario o en la equidad, o en cualquier estatuto, norma, reglamento, orden o ley, ya sea federal, estatal o local y ya sea por daños y perjuicios, salarios, sanciones o medidas cautelares o cualquier otro tipo de reparación ("las Reclamaciones Liberadas").

Exhibit E, Page 000112

## X.     ¿CUÁNDO ES LA AUDIENCIA FINAL DE EQUIDAD?

Se celebrará una audiencia final ante el Honorable André Birotte Jr. el 2 de diciembre de 2022, a las 10:00 a.m., para determinar si el Acuerdo propuesto es justo, razonable y adecuado y debe ser aprobado definitivamente por el Tribunal.  La audiencia tendrá lugar en la Sala 3 del Tribunal de Distrito de los Estados Unidos para el Distrito Central de California, ubicado en 350 West First Street, Los Ángeles, California 90012. **No está obligado a asistir a la audiencia para participar en el Acuerdo.**  Si el Tribunal aprueba finalmente el Acuerdo como justo, razonable y adecuado, esta Sentencia Final se publicará en el sitio web del Administrador del Acuerdo en http://www.phoenixclassaction.com/.

## XI.     ¿CUÁLES SON MIS DERECHOS CON RESPECTO A ESTE ASUNTO?

Si usted se ajusta a la descripción de un miembro del grupo de demandantes tal y como se indica en este aviso, tiene tres opciones.  Cada opción tiene sus propias consecuencias, que debe comprender antes de tomar su decisión.  A continuación se exponen sus derechos en relación con cada opción y el procedimiento que debe seguir para seleccionar cada una de ellas.

### A.     Opción uno: No hacer nada, liberar sus reclamaciones como se indica arriba y recibir una indemnización individual.

Los abogados del grupo de demandantes, nombrados y aprobados por el Tribunal únicamente a efectos del acuerdo, representarán sus intereses.  Recibirá un pago del acuerdo a partir del Importe Neto del Acuerdo una vez que éste haya sido aprobado definitivamente por el Tribunal.  La sentencia será vinculante para todos los Miembros del Grupo del Acuerdo que no soliciten la exclusión (opción dos, más adelante).  Cualquier Miembro de la Clase del Acuerdo que no solicite la exclusión podrá, si así lo desea, comparecer a través de su propio abogado.

### B.     Segunda opción: Puede excluirse del acuerdo.

Si no desea participar o estar obligado por el Acuerdo, debe presentar una declaración escrita solicitando ser excluido del Grupo del Acuerdo con matasellos no posterior al 13 de octubre de 2022 ("Solicitud de Exclusión").  Dicha Solicitud de Exclusión por escrito debe contener su nombre, dirección y número de teléfono, así como la(s) ubicación(es) y las fechas de su empleo en Walmart, y debe enviarse por correo al Administrador del Acuerdo, Phoenix Settlement Administrators, a la dirección indicada en la parte inferior de este Aviso.

Si solicita la exclusión, no recibirá ningún dinero del Monto Neto del Acuerdo, ni se considerará que ha liberado sus reclamos alegados en esta Demanda.

Si usted solicita la exclusión del Acuerdo, no podrá perseguir ninguna recuperación en virtud del Acuerdo.  Sin embargo, puede ejercer otros recursos separados y aparte del Acuerdo que puedan estar a su disposición.

### C.     Opción 3:  Puede objetar al acuerdo.

Si usted es un miembro de la Clase del Acuerdo, y no se excluye de la Clase del Acuerdo, puede objetar al Acuerdo antes de la aprobación final del Acuerdo por parte del Tribunal.  Si decide oponerse al Acuerdo, puede comparecer *in propria persona* (lo que significa que decide representarse a sí mismo), o a través de un abogado que contrate y pague usted mismo.

Para objetar al Acuerdo, o a cualquier parte del mismo, debe presentar dicha objeción por escrito con matasellos no posterior al 13 de octubre de 2022.  Los Miembros del Grupo del Acuerdo que deseen objetar el Acuerdo deben enviar al Administrador del Acuerdo o al Tribunal una declaración escrita objetando el Acuerdo.  Dicha objeción debe: (i) indicar si el Miembro del Grupo que se opone tiene la intención de comparecer en la Audiencia de Equidad Definitiva; (ii) exponer la base de la objeción; y (iii) incluir copias de todos los documentos y escritos que se presenten al Tribunal en relación con la Audiencia de Equidad Definitiva.

## XII.     ¿CON QUIÉN PUEDO CONTACTAR SI TENGO MÁS PREGUNTAS?

El administrador designado por el tribunal para este Acuerdo es el siguiente:

*James S. Evans contra Wal-Mart Stores, Inc.* Acuerdo de clase
Phoenix Settlement Administrators
Apartado de correos 7208
Orange, CA 92863

Si tiene preguntas, puede llamar al administrador del acuerdo, al número gratuito (888) 510-9728.  Pregunte por el Acuerdo de la Clase *James S. Evans v. Wal-Mart Stores, Inc.* Class Settlement.  También puede llamar o enviar un correo electrónico a los abogados del Demandante o del Demandado que figuran en la Sección VI anterior.  **POR FAVOR, NO LLAME AL TRIBUNAL NI A WALMART**.

Exhibit E, Page 000113

1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 CENTRAL DISTRICT OF CALIFORNIA

11 WESTERN DIVISION

12

| | |
|---|---|
| 13 JAMES S. EVANS, on behalf of himself, all others similarly situated,<br><br>14<br><br>15 *Plaintiff*,<br><br>16 vs.<br><br>17 WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>18<br><br>19 *Defendants*.<br><br>20<br><br>21<br><br>22 | Case No. 2:17-cv-07641-AB-KK<br><br>Assigned For All Purposes to the Hon. Andre Birotté, Jr., Courtroom 7B<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF JAMES S. EVANS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT**<br><br>Date:   April 22, 2022<br>Time:   10:00 a.m.<br>Place:  Courtroom 7B |

23

24

25

26

27

28

Exhibit E, Page 000114

# [PROPOSED] ORDER

WHEREAS, on _____, a hearing was held on the motion of Plaintiff James S. Evans ("Plaintiff") for final approval of the class action settlement (the "Settlement") between Plaintiff and Defendant Wal-Mart Stores, Inc. k/n/a Walmart Inc. ("Walmart");

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Parties ("Agreement"), which this Court preliminarily approved by its order entered on _____;

WHEREAS, all terms used herein shall have the same meaning as set forth in the Agreement, unless otherwise defined herein;

WHEREAS, the preliminary approval order directed that Settlement Class Members be given notice of the terms of the Settlement and the opportunity to object to it and also be advised of the date for the final approval hearing;

WHEREAS the Court has received declarations of _____ attesting to the provision of notice in accordance with the Court's order;

WHEREAS the Court has considered all timely filed objections to the settlement  [[no objections to the settlement have been filed]];

WHEREAS the Court entered summary judgment in Walmart's favor on Plaintiffs' regular rate claim on September 14, 2021 (Dkt. 181);

WHEREAS the Court conducted a final approval hearing on _____, and has considered the evidence and arguments presented, all papers filed and all proceedings had therein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     The Court has jurisdiction over the subject matter of this litigation and over all Parties to the litigation, including Plaintiff, the Settlement Class Members and Walmart.

2.     The Court finds and determines that the notice procedure and the notice provided fully satisfied the provisions of Fed. R. Civ. P. 23 and provides the basis for

Exhibit E, Page 000115

[PROPOSED] ORDER GRANTING PLAINTIFF JAMES S. EVANS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT

the Court to make an informed decision regarding approval of the Settlement based on the responses of Settlement Class Members. The Court further finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

3.     The Court further finds and determines that the Settlement Class, as conditionally certified by the Preliminary Approval Order meets all of the legal requirements for class certification for settlement purposes only under F.R.C.P 23(a) and 23(b)(3) and it is hereby ordered that the Settlement Class is finally certified for settlement purposes only.

4.     The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Settlement Class and to each Settlement Class Member, and that the Settlement Class Members who did not timely submit valid Requests for Exclusion in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5.     The parties are hereby ordered to comply with the terms of the Settlement.

6.     The Court directs the parties to effectuate the Settlement terms as set forth in the Settlement Agreement and the Settlement Administrator to calculate and pay the claims of the Settlement Class Members from the Net Settlement Amount in accordance with the terms set forth in the Settlement Agreement.

7.     The Parties will bear their own costs and attorneys' fees except as provided in the Settlement.

8.     The Court finds that Plaintiff's request for $_____ in fees (__% of the Settlement Amount) and $250,000.00 in costs is reasonable. Therefore, the Court orders this amount be paid to Settlement Class Counsel from the Class Settlement Amount in accordance with the terms of the Agreement. The Court

2

Exhibit E, Page 000116

[PROPOSED] ORDER GRANTING PLAINTIFF JAMES S. EVANS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT

further finds that no attorneys have asserted any attorney liens as to the Attorneys' Fees and Litigation Expenses awarded by the Court.

9. The Settlement Administrator is awarded $_____ to be paid from the Class Settlement Amount in accordance with the terms of the Agreement.

10. The Court finds that the requested Settlement Class Representative Award of $_____ is reasonable and orders that it be paid from the Class Settlement Amount in accordance with the terms of the Agreement.

11. The Court finds that the PAGA Payment Amount should be paid to the LWDA from the Class Settlement Amount in accordance with the terms of the Agreement.

12. The Court hereby enters final judgment in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on _____, and this Order.

13. The Court finds that, as of the date of this Order, in consideration of the Class Settlement Amount provided for under the Agreement, and for other good and valuable consideration, each of the Releasing Settlement Class Members shall, by operation of this Order, have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties in accordance with Section 12 of the Agreement the terms of which are incorporated herein by reference, shall have covenanted not to sue Walmart with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Released Claims against the Released Parties. The Court further finds that the Settlement Class Representative has released his individual claims in accordance with Section 12 of the Agreement.

14. This document will constitute a final judgment as to all claims in the lawsuit (and a separate document constituting the judgment) for purposes of Rule 58

Exhibit E, Page 000117

1    of the Federal Rules of Civil Procedure.  All claims in the litigation are hereby

2    dismissed with prejudice.

3          15.    Without affecting the finality of this order in any way, the Court retains

4    jurisdiction of all matters relating to the interpretation, administration,

5    implementation, effectuation and enforcement of this order and the Settlement.

6          16.    In the event that the Settlement Effective Date does not occur, this

7    Judgment shall be rendered null and void and shall be vacated nunc pro tunc, except

8    insofar as expressly provided to the contrary in the Agreement, and without prejudice

9    to the status quo ante rights of Plaintiff, the Settlement Class Members and Walmart.

10

11         IT IS SO ORDERED.

12

13   DATE: _____                 _____

14                                           HON. ANDRÉ R. BIROTTE, JR.
                                             UNITED STATES DISTRICT JUDGE
15

Exhibit E, Page 000118

4